IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-382-D

| | | |
|---|---|---|
| SULLIVAN COLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES DIMON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On May 28, 2013, Sullivan Colin ("Colin") filed a pro se complaint against various executives with JP Morgan Chase Bank, a law firm in Wilmington, North Carolina, and a lawyer in Wilmington, North Carolina [D.E. 1]. Colin sought $432,000,000 in damages. Id. The complaint is incoherent and fails to plausibly allege a basis of federal jurisdiction or a cognizable claim against the defendants. Instead, Colin simply attached a stack of documents to the complaint under the mistaken belief that this court will figure out what he is trying to say. Construing a pro se complaint liberally, however, does not mean that a federal judge has to act as an advocate, review a stack of documents, discern possible causes of action, and then attribute such causes of action to a pro se litigant. See Williams v. Ozmint, 716 F.3d 801, 805 (4th Cir. 2013); Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc); White v. White, 886 F.2d 721, 722–23 (4th Cir. 1989).

On May 31, 2013, Colin filed an amended complaint reducing his damages claim to $43,200,000. See [D.E. 5] 3. The balance of the amended complaint includes another stack of documents. See id.

On July 9, 2013, defendants Dimon and Braunstein moved to dismiss the amended complaint. See [D.E. 9]. Dimon and Braunstein contend that this court lacks subject-matter

jurisdiction and personal jurisdiction and that Colin has failed to state a claim upon which relief can be granted. See [D.E. 10]. True to form, Colin responded with an incoherent reply [D.E. 12] and a proposed second amended complaint [D.E. 13].

Colin has failed to comply with the Federal Rules of Civil Procedure. The complaint, amended complaint, and proposed second amended complaint are incoherent and fail to plausibly assert subject-matter jurisdiction or state a claim upon which relief can be granted. The motion to dismiss [D.E. 9] is GRANTED and the amended complaint is DISMISSED without prejudice. The motion to amend [D.E. 13] is DENIED as futile.

SO ORDERED. This 19 day of September 2013.

JAMES C. DEVER III
Chief United States District Judge